```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                               *
DAVID WALTHER
                               *
      Plaintiff,
                               *
v.                             *    CIVIL NO.: WDQ-05-02081
STATE OF MARYLAND, et al.
                               *
      Defendant.               *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION AND ORDER

David Walther sued his former employer, the Maryland Department of Human Resources, the State of Maryland, Larry Gray, Angelia Butler and William King for violations of Title VII of the Civil Rights Act of 1964[1] the Family Medical Leave Act("FMLA")[2], 42 U.S.C. §§ 1981 and 1983[3], and the Age Discrimination in Employment Act[4].  Walther has also brought Maryland tort and breach of contract claims. Pending is the Defendants' motion for judgment on the pleadings. For the following reasons, the Defendants' motion for judgment on the pleadings will be granted, and the Court will decline supplemental jurisdiction over the state law claims.  *See Jinks v. Richland County*, 538 U.S. 456, 460 (2003).

---

[1] 42 U.S.C. §§ 2000e *et seq.* (2006).

[2] 29 U.S.C. §§ 2601 et seq. (2006).

[3] 42 U.S.C. §§ 1981, 1983 (2006).

[4] 29 U.S.C. §§ 206 *et seq.* (2006).

1

BACKGROUND

From August 2001 through February 2004, Walther, a Caucasian male in his 50's, worked as an Internal Auditor for the Maryland Department of Human Resources. *See* Complaint at ¶5. He alleges that during his employment, he suffered racial and age discrimination, retaliation, harassment and FMLA violations. *See id.*, Counts I through X. He also alleges that he was deprived of his constitutional rights. *See id.* at Count XI.

On November 10, 2004, Walther filed a similar lawsuit against the Defendants ("Walther I"). *See* Civ No. WDQ-04-3599. *Walther I*, however, did not contain the retaliatory discharge and FMLA claims.[5] When this action was filed, the Court recommended consolidating the two suits. *See* 8/11/05 Order. The Defendants, however, opposed consolidation. *See* Def. Obj. The Defendants argued that consolidation would be unfair and prejudicial because of the Plaintiff's undue delay in filing the instant suit. *See id.* at 3.

In *Walther I*, the Court granted the Defendants' motion for summary judgment on all counts. *See* 10/31/05 Order. Based upon this ruling, the Defendants contend that the Plaintiff's present claims are barred.

STANDARD OF REVIEW

---

[5] Additionally, the Complaint does not contain the Section 1985 conspiracy claim alleged in *Walther I*.

Under Rule 12(c), any party may move for judgment on the pleadings after the pleadings are closed.  A motion for judgment under Rule 12(c) will be evaluated under the Rule 12(b)(6) standard.  *Burbach Broadcasting Company v. Elkins Radio Corporation,* 278 F.3d 401,405-406 (4th Cir. 2002).

Under Rule 12(b)(6), a claim should be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  All facts alleged in the complaint are assumed to be true and the Court will draw all reasonable inferences in favor of the plaintiff. *Volvo Construction Equipment North America v. CLN Equipment Company,* 386 F.3d 581, 591 (4th Cir. 2004); *Elkins,* 278 F.3d at 406.

ANALYSIS

The Defendants contend that res judicata precludes the Plaintiff's suit.  The Defendants' objection to consolidating the two actions does not bar its res judicata defense.  *See Beazer East v. U.S. Navy*, No. 96-1736, 1997 U.S. App. LEXIS 6746, slip op. at *12-13 (4th Cir. Apr. 11, 1997) (Res judicata may be asserted when a defendant opposes consolidation upon proper grounds such as undue delay).

Res judicata bars the relitigation of claims that were

asserted or could have been asserted in the original suit. *Pittston Company v. U.S.*, 199 F.3d 694, 704 (4th Cir. 1999). Res judicata, therefore, applies when:

> (a) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process;(b) the parties are identical, or in privity, in the two actions; and, (c) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*Id.*

Walther argues that res judicata is inapplicable because his suits are based upon different causes of action. *See* Opp. at §4. Walther maintains that his present claims arose from facts "independent of" his previous suit. *Id.* A comparison of the two complaints, however, reveals that the claims arose from the same facts. Both complaints allege identical discrimination and constitutional violations relating to Walther's employment.[6] *See Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F.Supp. 2d 566, 571 (D.Md. 2000)(Claims are based upon the same cause of action when they arise out of the same transaction or series of transactions). Moreover, the complaints are based upon similar incidents of alleged discrimination and constitutional violations. *See In re Varat Enterprises*, 81 F.3d 1310, 1315 (4th Cir. 1996)(Claims are based

---

[6]Both complaints contain the following counts: age and race disparate treatment, unlawful retaliation, hostile and abusive work environment, due process, equal protection and first amendment violations. *Compare Complaint* at Counts I, II, III, IV, V, VI,VII,IX, X *with Walther I Complaint* at I, II, III, IV, V, VI,VII,IX and XI.

4

upon the same cause of action when they arise out of the same core of operative facts).  For example, each complaint describes training, access to equipment, leave and discipline procedures, and evaluations as ways in which the Defendants violated his civil and constitutional rights.  *Compare* Complaint at ¶¶ 25, 38, 44, 51, 53, 59, 63, 67, 70, 73,77, 87 *with Walther I* Complaint at ¶¶ 25, 30, 31, 38, 44, 51, 53, 63, 73, 77, 83,87, 98.

The only difference in the complaints is that the latter contains retaliatory discharge and FMLA claims. The Plaintiff suggests that these claims should not be precluded because they could not have been asserted in his earlier action. However, both claims allegedly arose--between January 2003 and February 2004--before the first suit was filed.  *See* Complaint at ¶¶30, 83, 84. The claims, therefore, could have been brought in the first suit. *See Lewin v. Cooke*, No. 00-1943, 2002 U.S. App. LEXIS 192, at *195 (4th Cir. Jan. 7, 2002) (Claims accruing prior to first action could have been brought in the first suit and were, therefore, precluded in subsequent suit).

As the elements of res judicata are present, the Plaintiff's claims are precluded.  Accordingly, the Defendants' motion for judgment on the pleadings will be granted.

5

III. CONCLUSION

For the reasons discussed above, the Defendants' motion for judgment on the pleadings will be granted.


<u>March 9, 2006</u>                             <u>       /s/                    </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge

6